U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JULINA PORTER,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **JULINA PORTER**, by and through his undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE,** and alleges as follows:

### PARTIES

1. Plaintiff, **JULINA PORTER**, was and is a resident of and domiciled in the state of Texas.

2. At all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** (herein referred to Carnival or Defendant or the cruise line) was and is a citizen of the foreign nation of Panama and incorporated in the State of Florida and maintains its principal place of business in the State of Florida, located at: 3655 NW 87 Avenue, Doral, FL 33178.

### JURISDICTION AND VENUE

3. This Court has jurisdiction based on diversity of citizenship 28 USC §1332 because this is an action for damages that exceeds this Court's minimum jurisdictional requirements, to

wit, $75,000.00, exclusive of all interest and costs; and the parties are completely diverse as the Plaintiff is from Texas and the Defendant is from Florida.

4. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket.

5. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

6. At all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** personally or through an agent:

   a) Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   b) Maintained its principal place of business in Miami-Dade County, Florida;

   c) Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   d) Operated vessels and provided vessels for cruises in the waters of this state;

   e) Committed one or more acts as set forth in F.S. §§ 48.081, 48.181 and 48.193, which submit Defendant to the jurisdiction and venue of this Court. Further, Defendant is subject to the jurisdiction of the Court due to the foregoing and 28 U.S.C. § 1333;

   f) The acts of Defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

7. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## GENERAL ALLEGATIONS

8. On or about September 3, 2022[1], Plaintiff, September 3, 2022, was lawfully and legally on board the *Carnival Radiance* as an invitee and paying passenger with the actual and/or constructive consent of Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** (herein "Carnival").

9. On or about September 3, 2022, Defendant owned and operated a passenger cruise ship known as the *Carnival Radiance*, such vessel being used as a passenger cruise vessel.

10. On or about September 3, 2022, at the time of the incident, Plaintiff was on the staircase within the Liquid Lounge located on Deck Five (5) and Deck (4).

11. *Carnival Radiance* is a Sunshine class cruise ship (formerly known as "Destiny" class of ships), operated by Defendant, Carnival Cruise Line, and includes *Carnival Sunshine, Carnival Sunrise and Carnival Radiance* (the subject vessel). Each of these Sunshine Class Ships are virtually identical in design, layout and configuration. All decks, public areas, and cabins are decorated and supplied, in the same or similar manner, and with the same or substantially similar materials including staircases.

12. On, or about, September 3, 2022, September 3, 2022, Plaintiff was visiting the Liquid Lounge for a prearranged performance.

13. As the show was about to begin, Plaintiff was entering the Liquid Lounge and began descending the staircase (herein the "subject staircase").

---

[1] By written agreement between the parties, the statute of limitation was extended to December 3, 2023.

14. Suddenly, and without warning, the main lights within the Liquid Lounge went out before reaching her seat, and Plaintiff, unable to properly and safely descend the subject staircase, tripped and fell.

15. In an attempt to arrest her fall, Plaintiff extended her left hand and arm, and struck a dangerous and defective condition on the subject staircase. Unfortunately, the staircase, was in a poor state of disrepair and a piece of exposed metal (and/or ship's internal hull) sliced Plaintiff's hand, requiring stitches, ultimately causing nerve damage to her left hand and fingers. Thereafter, Plaintiff was taken to the Ship's Medical Center.

*Exposed Dangerous Condition*



16. The exposed and unprotected metal portion of the subject staircase created a hazardous and dangerous condition.

17. Furthermore, the subject staircase did not have or failed to have sufficient and adequate lighting which also created a separate hazardous and dangerous condition.

18. Carnival knows that staircases are subjected to significant wear and tear due to the high volume of passengers using the areas from cruise to cruise.

19. Because Carnival knows this, Carnival also knows that it must regularly inspect each staircase to ensure that all stairs are in a safe condition and is fit for use by its passengers.

20. Carnival also knows that its employees must provide adequate maintenance to staircases and promptly replace or repair stairs that are unsafe or unfit for passenger use to prevent passengers from becoming injured.

21. Accordingly, a defective or damaged stair and/or staircases injury incident on one Carnival Cruise Ships is substantially no different from a defective or damaged stair injury incident on any other cruise ship(s).

22. The defective condition of the subject staircase would not in the ordinary course of events have occurred without negligence Defendant, Carnival in its inspection and maintenance.

23. The negligent maintenance and discovery of this defect in the staircase and/or stair caused the exposed portion of the subject staircase to be a hazardous condition while Plaintiff was using the stairs that caused her to suffer severe, debilitating, and permanent injuries.

24. Carnival is on notice of numerous prior substantially similar incidents involving passengers suffering injuries due to broken and/or defective stairs and/or staircases including, but not limited to:

    A. On July 29, 2019, onboard the *Carnival Horizon* plaintiff suffered serious injuries caused by a staircase while Plaintiff was descending the stairs from Deck 4 to Deck 2. See *Chappell v. Carnival Corporation,* Case No.: 2021-cv-23787;

    B. On July 9, 2019, onboard the *Carnival Elation* plaintiff suffered serious injuries caused by a staircase while Plaintiff was descending the stairs from Deck 14 to Deck 12. See *Best v. Carnival Corporation*; Case No.: 21-cv-23697-BB;

C. On February 21, 2019, onboard the *Carnival Sunrise* plaintiff suffered serious injuries caused by a staircase while Plaintiff was descending the stairs from Deck 9 to Deck 8. See *Legarth v. Carnival Corporation*; Case No.: 20-cv-25222-CMA;

D. On November 24, 2018, onboard the *Carnival Freedom* plaintiff suffered serious injuries caused by a staircase while Plaintiff was descending an interior staircase between Decks 4 and 3. See *Johnson v. Carnival Corporation*; Case No.: 2019-cv-23167;

E. In *Johnson v. Carnival Corporation,* Case No.: 2019-cv-23167, DE 112, Judge Bloom cites to seven (7) prior incidents, in the three years prior to the fall in *Johnson*, aboard the *Carnival Freedom* including:

   i. On April 26, 2016, a passenger reported a trip and fall while descending the stairs from Deck 6 to Deck 5;

   ii. On June 13, 2016, a passenger reported he tripped and fell on a staircase while descending from Deck 4 to Deck 3;

   iii. On January 16, 2018, a passenger reported that she tripped and fell on a staircase while Plaintiff descending from Deck 9 to Deck 8;

   iv. On August 20, 2018, a minor passenger reported that she tripped and fell on a staircase while was descending the stairs between Deck 11 and Deck 10;

F. In *Johnson v. Carnival Corporation,* Case No.: 2019-cv-23167, DE 112, Judge Bloom cites to nine (9) other reported incidents involving similar staircases on the *Carnival Conquest* Class *Ships* in the three (3) years before plaintiff's fall in *Johnson*.

    G. On August 29, 2013, onboard the *Carnival Paradise* a passenger tripped and fell on an interior deck stairway. See *Holderbaum v. Carnival Corporation*, Case No. 1:13-cv-24216

    H. On June 1, 2013, onboard *Carnival Breeze* a passenger tripped and fell on an interior deck stairway. See *Bolender v. Carnival Corporation*, Case No. 1:13-cv-24215;

    I. On August 31, 2013, onboard *Carnival Breeze* a passenger tripped and fell on an interior deck stairway. See *Williams v. Carnival Corporation*, Case No. 1:13-24686

    J. On February 28, 2016, onboard the *Carnival Victory* a passenger tripped and fell on an interior deck stairway. See *Johnson v. Carnival*, Case No. 1:16-cv-23157

    K. On April 4, 2017, onboard the *Carnival Dream* a passenger slipped/tripped and fell on a stairway. See *Gaines v. Carnival*, Case No. 1:17-cv-24179.

25. Carnival has a refurbishing team that is a full-time part of every crew. The refurbishing team constantly checks the ship for anything that needs repair including steps, chairs, carpet, etc. See *Holderbaum v. Carnival Corporation*, Case No.: 2013-cv-24216, (DE 80-1, December 11, 2014, Deposition of Corporate Representative Monica Petisco, pp. 84:21-85:9.)

26. Actual notice exists where a defendant recognizes the need to take corrective action. See *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288-89 (11th Cir. 2015). The refurbishing team is the type of corrective action evincing actual knowledge of danger posed by aging, weak, or otherwise dangerous stairs and/or staircases.

27. Regardless of the refurbishing team, it has always been Carnival's policy that every crew member's job involves looking out for things that need to be addressed. See *Holderbaum*

*v. Carnival Corporation*, Case No.: 2013-cv-24216 (Deposition of Corporate Representative Monica Petisco, p. 86:6-19.) The immediate cause of an incident would be lack of supervision by crew assigned to the area. *Id.* at p. 105.

### COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-seven (27) as though originally stated herein.

28. On or about September 3, 2022, while aboard the *Carnival Radiance*, Plaintiff, **JULINA PORTER**, descending the stairs on the subject staircase when she tripped and fell down the staircase due to defective and improper lighting. In an attempt to arrest her fall, Plaintiff extended her left hand and arm landing on exposed metal and/or broken internal portion of the vessel causing injuries.

29. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

30. This dangerous condition was also known to the Defendant because it trains its crew in the proper inspection of its staircases, such as the subject staircase, including the need to identify, recognize and remedy these dangerous conditions.

31. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

32. At all times material hereto, it was the duty of Defendant to warn passengers, such as like Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant

in places where passengers, such as Plaintiff, are invited to or may reasonably be expected to visit- especially staircases.

33. Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   A. Failure to warn the Plaintiff that the subject defective staircase and/or stair was unreasonably dangerous;

   B. Failure to warn the Plaintiff of the risks and/or dangers associated with the broken, defective, and/or dangerous condition of the subject staircase and/or stair;

   C. Failure to warn the Plaintiff of the risks and/or dangers associated with defective lighting of the subject staircase and/or stairs;

   D. Failure to warn passengers and the Plaintiff of other staircase(s) and/or stair(s), with exposed metal and/or broken portions of the staircases previously occurring onboard its vessels.

   E. Failure to warn passengers and the Plaintiff of other staircase(s) and/or stair(s), with improper and/or inadequate lighting of staircases previously occurring onboard its vessels.

34. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have utilized the area containing the broken, exposed edge and/or defective subject staircase, including exposed metal, broken stairs, and/or defective lighting, had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

35. At all times material hereto, the subject staircase and/or stair had exposed metal, contained broken stair, had defective and/or inadequate lighting and/or was unreasonably dangerous.

36. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its regular maintenance and/or inspections of the subject area.

37. As a direct and proximate result of Defendant's negligence, Plaintiff, **JULINA PORTER**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

38. **WHEREFORE**, Plaintiff, **JULINA PORTER**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-seven (27) as though originally stated herein.

39. On or about September 3, 2022, while aboard the *Carnival Radiance*, Plaintiff, **JULINA PORTER**, descending the stairs on the subject staircase when she tripped and fell down the staircase due to defective and improper lighting. In an attempt to arrest her fall, Plaintiff extended her left hand and arm landing on exposed metal and/or broken internal portion of the vessel causing injuries.

40. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

41. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

42. Defendant and/or its agents, servants and/or employees breached its duty to maintain through the following acts and/or omissions:

    A. Failure to adequately and regularly inspect the subject staircase and/or stair, including, including exposed metal, broken stairs, and/or defective lighting within the ship's interior stairwells, including within the Liquid Lounge, to determine whether it was broken, defective and/or unreasonably dangerous;

    B. Failure to maintain the inspect the subject staircase and/or stair, including exposed metal, broken stairs, and/or defective lighting, within the ship's interior stairwells

especially within the Liquid Lounge in a reasonably safe condition in light of the anticipated use of the area; and or

C. Failure to regularly and adequately inspect and maintain the subject area including the subject staircase and/or stairs that contained exposed metal, broken stairs, and/or defective lighting within the Liquid Lounge staircases; and/or

D. Failure to maintain the inspect the subject staircase and/or stairs, including exposed metal, broken stairs, and/or defective lighting within the ship's interior stairwells especially in the Liquid Lounge in a reasonably safe condition if/when the subject staircase and/or stair became broken and/or unsafe, including, but not limited to, repairing the defective condition and/or closing off the area that contained the dangerous stair(s), and/or placing signage to caution passengers of the hazardous condition.

43. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject staircase and/or stairs, including the exposed metal, broken stairs, and/or defective lighting within the ship's interior stairwells especially in the Liquid Lounge.

44. At all times material hereto, the subject staircase and/or stair, including exposed metal, broken stairs, and/or defective lighting within the ship's interior stairwells especially in the Liquid Lounge was broken, defective and/or unreasonably dangerous.

45. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the

circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject staircase and/or stair, including, including exposed metal, broken stairs, and/or defective lighting within the ship's interior stairwells especially in the Liquid Lounge and/or through prior incidents involving passengers injured due to broken, defective and/or unreasonably dangerous stairs on Defendant's vessels and/or other vessels reported within the cruise industry.

46. As a direct and proximate result of Defendant's negligence, Plaintiff, **JULINA PORTER**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

47. **WHEREFORE**, Plaintiff, **JULINA PORTER**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-seven (27) as though originally stated herein.

48. On or about September 3, 2022, while aboard the *Carnival Radiance*, Plaintiff, **JULINA PORTER**, descending the stairs on the subject staircase when she tripped and fell down

the staircase due to defective and improper lighting. In an attempt to arrest her fall, Plaintiff extended her left hand and arm landing on exposed metal and/or broken internal portion of the vessel causing injuries.

49. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

50. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

51. Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   A. Failure to fix, replace, and/or remove the exposed metal, broken stairs, and/or defective/inadequate lighting from the subject staircase and/or stair;

   B. Failure to close off the areas that contained the subject staircase and/or stair;

   C. Failure to instruct passengers and the Plaintiff concerning the subject staircase and/or stair including the hazardous edges, exposed metal, broken stairs, and/or defective/inadequate lighting;

   D. Failure to correct the hazardous conditions following other accidents involving broken and/or defective staircases, hazardous edges and/or stairs on vessels within its fleet;

   E. Failure to promulgate and/or enforce adequate procedures to keep the subject staircase and/or stairs in a reasonably safe condition;

    F.  Failure to adequately test the subject staircase and/or stairs before permitting passengers and the Plaintiff to use it.

52. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

53. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject staircase and/or stairs including the exposed metal, broken stairs, and/or defective lighting, through prior incidents involving passengers injured due to broken and/or defective staircase accidents on Defendant's vessels and/or other vessels reported within the cruise industry.

54. As a direct and proximate result of Defendant's negligence, Plaintiff, **JULINA PORTER**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

55. **WHEREFORE**, Plaintiff, **JULINA PORTER**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: November 30, 2023.

                                        HOLZBERG LEGAL
                                        Offices at Pinecrest II, Suite 220
                                        7685 S.W. 104th Street
                                        Miami, Florida 33156
                                        Telephone: (305) 668-6410
                                        Facsimile: (305) 667-6161

                         BY:    */s/Glenn J. Holzberg*
                                        GLENN J. HOLZBERG
                                        Fla. Bar # 369551